IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CARLTON L. WILLIS, )
 )
        Plaintiff, )
 )
vs. ) Case No. CIV-14-334-FHS
 )
CAPITAL ONE CORPORATION, )
 )
        Defendant. )

## **OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. # 12). Plaintiff filed a response on November 17, 2014 (Dkt. # 18). Defendant filed their reply on December 8, 2014 (Dkt. # 24). Additionally, without leave of court, Plaintiff filed a response to Defendant's reply (Dkt. # 29)which this Court has considered.

### *Statement of the Case*

Plaintiff alleges two causes of action against Capital One Corporation. First, plaintiff alleges a violation of 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"). Second, plaintiff alleges a breach of contract claim. Both of these causes of action arose from Capital One's placing a fraud restriction on Plaintiff's account and refusing to lift said restriction and, then ultimately, closing his account.

Plaintiff alleges Capital One violated the FCRA "by reporting inaccurate information to Credit Reporting Agencies and failing to investigate disputed information." Additionally, in his breach of contract claim, Plaintiff alleges Capital One breached an agreement set forth in a letter dated April 23, 2014 when Capital One failed to lift the restrictions on Plaintiff's credit card account.

### *Legal Analysis*

A. Standard for dismissal

In reviewing a claim for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must be presumed true and construed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A pro se litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Dismissal of a pro se complaint under Rule 12(b)(6) for failure to state a claim 'is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Johnson v. Johnson*, 466 F.3d 1213, 1214-1215 (10th Cir. 2006)(citation omitted).

B.  FCRA Claim

Plaintiff admits in his response to Defendant's Motion to Dismiss that there is no private right of action under Section 1681s-2(a).  He indicates he is bringing his claim solely under Section 1681s-2(b).  In order to trigger the requirements of Section 1681s-2(b), Plaintiff must allege Capital One received notice of a consumer dispute alleging inaccurate reporting of information from any consumer reporting agency.  *Pinson v. Equifax Credit Information Services, Inc.*, 316 F.App'x 744, 751 (10th Cir. 2009).  For purposes of the FCRA, "consumer reporting agency" means

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C.A. § 1681a(f).

In this case, Plaintiff alleges he received a letter from Capital One on April 23, 2014, about suspected fraud on his account.  This letter advised Plaintiff a hold was being placed on his account due to the suspected fraud.  Pursuant to said letter, Plaintiff was to provide certain documentation to

verify his identity and the identity of every authorized account user. Thereafter, in May, 2014, Plaintiff filed a complaint with the "Consumer Financial Protection Bureau"[1] in which Plaintiff asked Capital One "to remove the restriction off my account." The "Consumer Financial Protection Bureau" is not a "consumer reporting agency." Nowhere else in his Complaint does Plaintiff allege he ever notified a "consumer reporting agency" who then notified the Defendant, Capital One, there was a dispute of inaccuracy or completeness on plaintiff's credit report. Plaintiff does, however, allege he contacted Capital One's fraud department.

Thus, to the extent Plaintiff's complaint could be read as a claim for reporting of inaccurate information by Defendant Capital One to a consumer reporting agency, it must be dismissed because there is no private right of action under section 1681s-2(a). Additionally, Plaintiff has failed to allege the necessary preconditions to a claim for violation of Section 1681s-2(b), *i.e.*, plaintiff notified a consumer reporting agency of a dispute of inaccurate information, that the consumer reporting agency notified Capital One of the

---

[1] Plaintiff appears to be referring to the "Bureau of Consumer Financial Protection" which is an independent bureau created by 12 U.S.C.A. § 5491(a) (2010), to "regulate the offering and provision of consumer financial products or services under the Federal consumer financial laws."

dispute and, thereafter, Capital One failed to comply with its duties to investigate the dispute. In his response to Defendant's reply, Plaintiff asserts he has stated a claim because he has shown there was inaccurate information on his report (*i.e.,* his account is open and in good standing, when, in fact, the account was not open). This specific complaint was not what Plaintiff originally filed his complaint about. Rather, Plaintiff's original complaint, to the wrong entity, dealt with his account having a "restriction" placed upon it. Accordingly, this Court finds Plaintiff fails to state a cause of action under § 1681s-2(a) or (b) of the FCRA.

C. Breach of Contract Claim

In his second cause of action, Plaintiff alleges a breach of contract based upon the letter from Capital One dated April 23, 2014. In order to state a claim from breach of contract under Oklahoma law, plaintiff must allege: 1) formation of a contract; 2) breach of the contract; and 3) damages as a result of the breach. *Digital Design Group, Inc., v. Information Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Even if this Court assumes, as Plaintiff alleges, the April 23 letter constituted an agreement by Capital One to remove the hold on his account if Plaintiff provided the information

5

requested to prove his identity; Plaintiff admits he could not perform the condition precedent to the agreement, *i.e.* providing a recent utility bill showing his name and current mailing address. Plaintiff continues to claim in his response to Defendant's reply, however, that his submitting a copy of another bank statement which had his name and current mailing address satisfied this requirement. This Court disagrees. Moreover, Plaintiff never submitted the requested information for other individuals associated with his account, including the attorney to whom he had given a statutory power of attorney. Therefore, this Court finds Plaintiff failed to establish he performed the condition precedent to the letter, or subsequent communications with Capital One, becoming a valid contract. Moreover, according to the documents submitted with Plaintiff's Complaint, the error in alleged reporting of plaintiff's account was that it was "open and in good standing." How this information could have caused any damage to the Plaintiff is unknown. Finally, the credit card agreement with Capital One authorized Capital One to close Plaintiff's account for any reason. Accordingly, this Court finds Plaintiff has failed to state a claim for breach of contract.

## Conclusion

For the reasons stated herein, this Court finds the allegations within the Complaint do not state a cause of action against Capital One upon which relief can be granted. Accordingly, Capital One's Motion to Dismiss (Dkt. No. 12) is **granted** with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim for relief.

It is so ordered this 16th day of December, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma